(R.D. 11287)

HOSHO OF AMERICA, INC. v. UNITED STATES

Entry No. 225763, etc.

(Decided March 29, 1967)

*Stein and Shostak* for the plaintiff.

*Barefoot Sanders*, Assistant Attorney General, for the defendant.

FORD, Judge: The proper value for dutiable purposes of certain electrical machines and equipment covered by the appeals for a reappraisement enumerated in the schedule "A," attached to and made part of this decision, is before the court for determination.

The parties hereto have entered into a stipulation of facts wherein it has been agreed as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein:

1. That on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely sold or in the absence of sales freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the f.o.b. invoice unit values, net packed, but not including the commissions set forth on the invoices.

2. That the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule is not identified in the Final List published by the Secretary of the Treasury in T.D. 54521, pursuant to the Customs Simplification Act of 1956, T.D. 54721 [sic], effective February 27, 1958.

3. That all the merchandise covered by the appeals for reappraisement was entered for consumption subsequent to February 27, 1958.

4. That these appeals for reappraisement may be deemed submitted for decision on this stipulation.

Upon the record before the court, I find and hold that foreign value, as that value is defined in section 402a(c), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for the electrical machines and equipment in issue, and that said value is represented by the f.o.b. invoice unit value, net packed, but not including the commissions set forth on the invoices.

Judgment will be entered accordingly.